398 P.2d 25

In the Matter of the ADOPTION OF Ronald James TRIMBLE and Garyl Karl Trimble, minors.

Earl Hill CHIDESTER, Plaintiff,

v.

A. H. ELLETT, Judge of the Third Judicial District Court, Defendant.

No. 10237.

Supreme Court of Utah.

Jan. 15, 1965.

John L. Chidester, Heber City, for plaintiff.

No attorney for defendant.

CALLISTER, Justice.

Plaintiff, Earl Hill Chidester, petitions this court for a writ of mandamus directing the Third Judicial District Court to hear and decide whether William James Trimble

1. 78–30–7, U.C.A.1953.
2. 78–30–8, U.C.A.1953.
3. 78–30–4 (Supplement) and 78–30–5, U.C.A.1953.

shall be judically deprived of his right to consent to the adoption of his two minor children, Ronald James Trimble and Garyl Karl Trimble, on the ground of desertion.

At the hearing on the adoption the District Court declined jurisdiction, stating that the juvenile court has exclusive jurisdiction over the matter of a parent's consent to the adoption because of desertion; at least, the laws are so vague when compared with the powers granted the juvenile courts, and the consequences of error so grave, that the district court would not take jurisdiction over the matter.

Plaintiff argues that provisions of 78–30–4 and 5, U.C.A.1953, grant jurisdiction to the district courts.

An adoption proceeding is commenced by filing a petition with the clerk of the district court.[1] The person adopting and the children that are to be adopted, and other persons whose consent is necessary, must appear before the district court and give the necessary consent to the adoption.[2] A legitimate child cannot be adopted without the consent of its parents, if living, except that consent is not necessary in certain defined cases.[3]

In the Walton Adoption case[4] this court held that the district court erred in

4. In re Adoption of Walton. Worthen et ux. v. Walton, 123 Utah 380, 382, 259 P.2d 881, 883 (1953).

holding that the natural father of the adopted children had deserted his children and thus his consent was not necessary to the adoption. This court stated that the "facts fall far short of that type and degree of proof required by the authorities to establish the necessary intent to desert a child, sufficient effectively to dispense with a parent's consent under our adoption statute." The court, in effect, ruled that the district court may deprive a parent of consent to an adoption when desertion is found but that such desertion was not shown.

Jurisdiction of the district court in adoption proceedings arises when a petition is filed with the clerk of the district court.[5] Once that jurisdiction is obtained the district court is to decide all issues necessary to the adoption. The issue of necessity of consent because of desertion, when such issue arises, is a necessary issue to be decided by the district court. The juvenile court is a creature of statute and a court of limited jurisdiction, and certain steps must be taken before the juvenile court acquires jurisdiction over a matter of person.[6] To follow the necessary procedural steps in obtaining juvenile court jurisdiction every time the issue of necessity of consent arose would be to introduce confusion and chaos into the adoption proceedings.

The Third Judicial District Court is directed to hear and decide whether William James Trimble has deserted his children, thus dispensing with the necessity of obtaining his consent to the adoption.

McDONOUGH, CROCKETT, and WADE, JJ., concur.

HENRIOD, Chief Justice (concurring).

I concur. In doing so, nonetheless, I personally believe there are two other basic reasons for concluding that the District Court in this case had jurisdiction to determine the issue of "desertion."

In the first place, the juvenile court jurisdiction stems from Title 55–10–5, Utah Code Annotated 1953, Replacement Volume 6, which confers on that court jurisdiction in all cases "relating to the neglect, dependency and delinquency of children." It says nothing as to "desertion" or "abandonment," the subject matter of this case. This distinction well may be dispositive of this case. Many parents "neglect" children, perhaps for some legitimate and uncontrollable reason, but this does not mean they "desert" them. Some, because of economics or some other good reason, cannot satisfy social and legal requirements of "dependency," but this justifies no conclusion that they have "deserted" their children. Many children are "delinquent," but

---

5. 78–30–7, U.C.A.1953.
6. In re State in the interest of Graham, et al., 110 Utah 159, 170 P.2d 172 (1946).

See also 55–10–13, 14, 15, U.C.A.1953, for the general procedure pertaining to a delinquent, dependent or neglected minor.

this is no synonym for "desertion." As a matter of fact, the delinquent child is seldom deserted, but has devoted, loving, tender and impassioned parents who rush to the rescue of their little darling.

I would conclude, therefore, that the juvenile court act, saying nothing about "desertion" hardly could claim jurisdiction to determine that fact before an adoption matter involving that issue could proceed, where the sum total of parental rights is permanently sought to be substituted by those of adopting parents,—not simply the disciplining or aiding of children. The very purpose of the latter should be to preserve the relationship of natural parents with respect to their own flesh and blood,—not to divest them of it. If a natural parent has relinquished in toto any claim he has to his child, that is one thing. If his child simply is delinquent, but the natural parent stubbornly refuses to relinquish such claim, that is another thing.

If the argument be advanced that Title 55–10–5, in granting the juvenile court "exclusive original jurisdiction" in cases of "neglect, dependency and delinquency" takes from the district court its authority to determine the issue of "desertion" in a matter controlled by the mutually exclusive adoption statutes,[1] my answer would be that such argument is fallacious, twofold: 1) From the plain wording of the two statutes there is no warrant in concluding that there is a jurisdictional clash, overlapping or anything else between the two in this case either in grammar or logic;[2] and 2) assuming, arguendo that such conclusion could be reached, the Utah constitutional sanctions in Art. VIII, sec. 7, stating in clear language that "The District Court shall have original jurisdiction in all matters, civil and criminal, not excepted in this Constitution, and not prohibited by law," is pre-emptive and superior to any abortive legislative attempt to create a court invasive of that provision, without a constitutional amendment. Such conclusion is basic and fundamental.

In my opinion the directive of the main opinion to have the fact issue involved resolved by the District Court is correct.

1. Title 78–30, Utah Code Annotated 1953.
2. In 78–30–5, it is stated specifically that an adoption can be effected without consent "when the *district court* * * * shall determine that (the child) is a *deserted* child." (Emphasis added.)